PETITION FOR A RE-HEARING.
I ask for a reconsideration of, this case with great reluctance, but I believe it is my duty. If the court had done no more than to reverse the decree, dismissing the bill absolutely, and directed the dismissal without prejudice, because Garman had not been made party, I should not have said one word, because I would have supposed the decree according to the settled course of practice. I -deed, nothing else would have been contended for, had it not been for the case of Hoffman and Marshall; in consequence of that case, a hope was entertained, that the court seeing the merits of our case, would give us leave to have a publication against Garman, and the controversy settled without a new. suit; but the court has decided that we have no merit. On this point a reconsideration is respectfully asked.
It is true one bill is brought to enjoin a judgment, on the ground, the obligation it was recovered upon, was given for land we had purchased of •the obligee, for which he has given us no obligation in *78 writing; but there is another ground distinctly taken in the bill—that the, obligee, Garman, who had contracted to sell us he land, had no title to it. Let it then be granted, the contract was not by parol; and suppose, as the defendant has not admitted, there was no writing, that Garman’s- obligation to convey the land. There is then the allegation of his lack, indeed, total destitution of title; which is admitted in the answer of Edwards. For he insists on this fact, and he admits it in so many words, that the complainants did purchase the land of Garman; and the note, the judgment was recovered upon, was given for a part of the consideration, and he says over again, that it wnsfrom Garman the purchase was made. Then the bill and answer present a clear and simple case of a hill, to enjoin a judgment on the ground, that the consideration of the note it was recovered upon, was an executory contract for land, to which the obligee who sold to the obligor of the note, had and still has no title. I say nothing here of parol agreement. Let it be granted Garman was bound by writing. And then, can there be a doubt of our right to relief on this case. I will not cite an authority to prove it; but an attempt is made to make the case otherwise. It is alleged in the answer, that there was a “clear understanding” that the complainants were to look to Archibald Rowland for the title; but where is the proof of this fact? Remember it is-admitted Garman sold the complainants the land, and that they bought of him, and this “clear understanding” is alleged by way of, and is strictly matter of avoidance. Where, I respectfully ask, is the competent proof of this allegation? There is none. Surely a contract by parol, would not bind us. One who is bound to convey land, cannot resist the demand for title; nor can he insist on the consideration, when he cannot convey, by alleging a parol contract, that the purchaser had agreed by parol, to look to another for the title, and certainly he could much less prove such a written contract by parol evidence. The case of Oldham vs. Woods, 3 Monroe, 48, where specific performance or a recision was the question, the court decided that an incumbrance of the land could not be proved without producing the deed of mortgage; but here the defendant does not *79 even allege, that either he or the complainants held any written obligation on Archibald Rowland, for a conveyance. And if he had, the existence of the is not proved. The objection then, is to both the validity and competency of the proof offered to establish the alleged agreement, that we were to look to Archibald Rowland to fulfil the agreement we had made for the land. It does therefore seem to me the case was-for the complainants on the merits; and it is important for .them, that the present opinion shall not stand, because when they bring us their new bill, they will be met by it; and certainly barred, if the circuit judge regards it as authority, as he certainly would do. If lam right in supposing no valid contract is proved, that the complainants were to lock to Archibald Rowland for the title, he certainly was not a necessary party.
Petition for a re-hearing.
Petition for a re-lleariD£-
Monroe, for defendants in error.
The petition for a re-hearing, overruled.